IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHRISTOPHER COLON, Defendant. | Case No. 18-cr-00675 Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendant Christopher Colon seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [66]. For the following reasons, this Court denies the motion.

### I. Background

On October 9, 2018, a grand jury returned an indictment charging Colon with two counts of knowingly receiving child pornography by means of interstate and foreign commerce, in violation of 18 U.S.C. §2256(8)(A) and § 2252A(a)(2)(A) and (b)(1). [1]. On September 30, 2019, Colon pled guilty to one count of receiving child pornography. [134]. The Court sentenced Colon to 180 months of imprisonment and 30 years of supervised release. [65].

On June 21, 2023, Colon moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(a). [66]. He contends that complications in his health due to a lingering brain tumor are an extraordinary circumstance that warrants a sentence reduction. *Id*. The Government opposes Colon's motion, arguing that the Bureau of Prisons affords him adequate healthcare. [70].

1

**II. Standard of Review**

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion to reduce his term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Once a defendant satisfies the exhaustion requirement, the Court's consideration of a motion for compassionate release proceeds in two steps. *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022). First, the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.*; *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). Defendants bear the burden of demonstrating "extraordinary and compelling reasons." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). If this Court finds such reasons exist, it must then weigh any applicable sentencing factors in 18 U.S.C. § 3553(a) to determine whether to reduce a sentence. *Peoples*, F.4th at 840; *United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

District courts use sentencing guidelines promulgated by the U.S. Sentencing Commission to direct an analysis of extraordinary and compelling reasons. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). On April 27, 2023, the U.S. Sentencing Commission submitted proposed amendments to Section 1B1.3 of the guidelines, updating its policy statement to cover prisoner-initiated motions for compassionate release. U.S. Sentencing Comm'n, *Adopted Amendments (Effective*

*November 1, 2023)*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Those amendments went into effect on November 1, 2023.

### III. Colon Does Not Establish "Extraordinary and Compelling Reasons"

The parties agree that Colon has satisfied the exhaustion requirement. However, Colon does not present extraordinary and compelling circumstances that justify his early release. Colon underwent surgery in 2012 to remove a benign brain tumor. [66] at 1. The tumor was not completely removed, and portions of the mass remain in his right temporal lobe. *Id.*; [71] at 95. The remnants of the tumor subject Colon to frequent headaches and a heightened risk of stroke, heart attack, aneurysm, and/or seizure. [66]. Colon contends that the BOP does not provide him with adequate medical care to address the growth of the tumor. *Id.*

The previous version of the sentencing guidelines defined "extraordinary and compelling reasons" to include terminal illnesses or "serious physical or medical conditions . . . that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(A)-(B). The 2023 amendments expand qualifying conditions to include: 1) "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," and 2) a defendant's "personal health risk factors and custodial status" that increase risk of "severe

3

medical complications or death" resulting from an outbreak of infectious disease or a declared public health emergency at a particular facility." *Id*. § 1B1.13(b)(1)(C)-(D).

Colon, while suffering from admittedly serious health conditions, cannot demonstrate extraordinary and compelling reasons because he does not establish that his healthcare is inadequate. Colon does not point to specific deficiencies in the care and treatment he receives. Instead, he generally alleges that the "Bureau of Prisons is unable to properly monitor or treat [him] while incarcerated." [66] at 1. Colon's medical records, however, reflect regular, thorough neurological examinations by medical professionals. [71]. These records confirm that as of June 29, 2023, the status of his tumor was largely "unchanged" based on an MRI taken in January 2023. *Id.* at 133, 162-65, 167. Even if the tumor had grown, the BOP is equipped to address it. *See, e.g., id.* So, while Colon does suffer from a serious health risk, he receives specialized treatment that protects him from the risk of serious deterioration in health. U.S.S.G. § 1B1.13(b)(1); *Compare United States v. Oishi*, 17-CR-00555-DKW-8, 2021 WL 3269252 (D. Haw. July 30, 2021) (denying defendant's motion for compassionate release based on brain tumor in part because medical care was adequate) with *United States v. Oishi*, 17-CR-00555-DKW-8, 2022 WL 4120785 (D. Haw. Sept. 9, 2022) (granting same defendant's subsequent motion after BOP failed to provide necessary appointments and imaging).

Colon also contends that he has rehabilitated enough to warrant a sentence reduction. He points to his low risk of recidivism, participation in programming, clean disciplinary record, and detailed plans upon release. [66] at 2. A defendant's

4

rehabilitation may count towards finding an extraordinary and compelling circumstance, but only in combination with other circumstances. U.S.S.G. § 1B1.13(d). As Colon has not presented other circumstances here that qualify as extraordinary and compelling, the Court will not reduce his sentence based on rehabilitation alone.

In sum, Colon does not demonstrate any compelling or extraordinary circumstances that warrant his release under the amended guidelines. For this reason, this Court denies his motion.

### IV. The Section 3553(a) Factors Weigh Against Release

Even if Colon showed compelling and extraordinary circumstances, the Section 3553(a) factors do not favor Colon's release. Colon was a repeat consumer of child pornography. His current offense is based on multiple instances of him seeking out and receiving child pornography involving prepubescent children. [25] at 4. Before sentencing, the government produced additional evidence of fraudulent advertisements posted by Colon in which he cast himself as a qualified babysitter, ostensibly to gain access to young children. [25] at 45-46.

Colon's criminal history also weighs against early release. He previously served jail time and three years of probation for a state conviction of aggravated child pornography. [25] at 9. That 2015 conviction was the result of a search warrant that recovered 1,944 videos and 40 images of child pornography from Colon's computer. *Id.* at 10. The dangers of child pornography to its victims weigh strongly against early release. *See United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir. 2021) (affirming district court's denial of compassionate release and emphasizing the importance of

5

deterring "the ongoing victimization of children."). Finally, the Court notes that Colon has only served four years of a fifteen-year sentence. Early release would not promote respect for the law as required by 3553(a). Considering the totality of the factors and circumstances, the Court concludes that Colon's sentence reflects the seriousness of child pornography and early release would not promote respect for the law.

## V. Conclusion

For the stated reasons, the Court denies Christopher Colon's motion for compassionate release [66].

E N T E R:

Dated: December 6, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge